UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21426-DAMIAN

DORYS L. ACOSTA,

    Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

    Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff, Dorys L. Acosta's ("Plaintiff"), Application to Procced in District Court without Prepaying Fees or Costs (Short Form) (the "Application") [ECF No. 3].

THIS COURT has reviewed the Application and the pertinent portions of the record, and is otherwise fully advised in the premises.

Pursuant to 28 U.S.C. § 1914(a), "parties instituting a civil action, suit or proceeding in [a district] court, whether by original process, removal or otherwise" are required to "pay a filing fee of $[402.00]."[1] However, courts may permit parties to proceed in *forma pauperis* to

---

[1] That fee includes a filing fee of $350.00 plus an administrative fee of $52.00 for a total of $402.00.

initiate a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915).[2] The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)).

A court has wide discretion in determining whether to grant or deny a motion pursuant to 28 U.S.C. § 1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). To proceed in *forma pauperis*, a litigant must file "in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit." *Neitzke*, 490 U.S. at 324. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez*, 364 F.3d at 1307 (quoting *Adkins*, 335 U.S. at 338–40). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

"The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976) (citations omitted). The Department of Health and Human Services' 2022 Poverty Guidelines for a family of one is $13,590.00. *See* 87 Fed. Reg. 3315 (Jan. 21,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2022). There is no specific guidance regarding an income threshold to determine indigence for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930(f)(1) provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082(2)(a)(1), Fla. Stat. (2012). The Department of Health and Human Services' 2022 Poverty Guidelines for a family of two is $19,720.00. *See* 88 Fed. Reg. 3424 (Jan. 12, 2023).

According to the Application, Plaintiff is not currently employed. However, Plaintiff lists two sources of monthly income: (a) $500.00 in child support for her minor son; and (b) $516.00 in "food stamps," in other words, Supplemental Nutrition Assistance Program ("SNAP") benefits. Plaintiff states she has $11.00 in her bank account and lives with her mother. Plaintiff states that if not for her mother, Plaintiff and her son would be homeless. Plaintiff does not list any debts or financial obligations.

Given the above guidelines, Plaintiff's monthly income ($1,016.00) is significantly lower than the poverty level for a family of two (*i.e.*, $1,643.33) and is below the income threshold used in federal bankruptcy and state civil cases.

Under the circumstances presented, reviewing the totality of Plaintiff's financial condition, the undersigned finds that Plaintiff is indigent for purposes of proceeding in this case.

Accordingly, it is hereby

**ORDERED AND AJUDGED** that Plaintiff's Application to Procced in District Court without Prepaying Fees or Costs [ECF No. 3.] is **GRANTED**. Pursuant to Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) of the Federal Rules of Civil Procedure, electronic service will be completed by the Clerk of Court. *See* Fed. R. Civ. P. SUPP SS 3.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE